# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **Criminal No.:** |
| v. | **Violation:** |
| **VASHAWN STRADER,** | 18 U.S.C. § 371 (Conspiracy) |
| Defendant. | **Criminal Forfeiture:**<br>18 U.S.C. § 981(a)(1)(C);  28 U.S.C. § 2461(c); and 21 U.S.C. § 853(p) |

## INFORMATION

The United States Attorney charges that at all relevant times:

1. Defendant Vashawn Strader, a resident of the District of Columbia, was the sole owner of Company A, a for-profit corporation registered in the District of Columbia that provided tutoring and mentoring services to public school students and was associated with other for-profit corporations.

2. Strader was also a co-owner of Company B, a for-profit corporation registered in the District of Columbia that owned and managed real estate located in the District of Columbia.

3. The District of Columbia Office of the State Superintendent of Education ("OSSE") was an agency of the Government of the District of Columbia.

4. Person A was a Management Analyst for Fiscal Policy and Grant Management in OSSE's Division of Special Education.

## COUNT ONE
### (Conspiracy)

5. The allegations set forth in paragraphs one through four of this Information are re-alleged and incorporated by reference herein.

1

6. From at least in or about July 2012, to at least in or about January 2014, in the District of Columbia and elsewhere, Strader, together with others known and unknown, unlawfully, willfully, and knowingly did conspire to commit offenses against the United States, that is, violations of Title 18, United States Code, Section 201 (payment of a bribe to a public official).

## Objects of the Conspiracy

7. It was a part and object of the conspiracy that Strader, together with others, knowingly and willfully made payments to Person A in exchange for Person A using her official position to create and submit fraudulent purchase orders and otherwise cause OSSE to make payments to Company A and Company B for work Company A and Company B did not perform.

## Manner and Means of the Conspiracy

8. Among the manners and means by which Strader, his co-conspirators, and others would and did carry out the objectives of the conspiracy were the following:

a. They would and did cause invoices to be submitted to OSSE from Company A and Company B reflecting services purportedly performed for public school students which had, in fact, not been performed.

b. They would and did directly and indirectly cause OSSE to make payments to Company A and Company B for these purported services.

c. They would and did cause cash payments and other things of value to be provided to Person A in exchange for her using her official position at OSSE to provide Strader with non-public information about available OSSE contracts, assist Strader in creating fraudulent invoices,

2

submit these fraudulent invoices and other documents as necessary in order to cause OSSE to make payments to Company A and Company B for services the companies never performed.

### Overt Acts

9. In furtherance of the conspiracy and to effect the illegal objects thereof, Strader and his co-conspirators committed and caused to be committed the following overt acts, among others, in the District of Columbia and elsewhere:

a. Between 2012 and 2014, Strader made or caused to be made a number of cash payments to Person A and one payment by check to a close family member of Person A for the benefit of Person A.

b. From at least in our about July 2012 through at least in or about January 2014, Strader did directly and indirectly cause fraudulent invoices on behalf of Company A and Company B to be submitted to OSSE for services Company A and Company B did not provide. Strader included on these invoices the names of individuals who had purportedly performed the billed-for services but who had not done so and who had not given Strader permission to use their names or identities on the invoices. In response to these invoices and other falsified or fraudulent documents, OSSE sent $308,311.99 in payments to Company A and Company B.

**(Conspiracy, in violation of Title 18, United States Code, Section 371)**

### FORFEITURE ALLEGATION

10. Upon conviction of the offense alleged in Count One, the defendant shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to this offense, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c). The United States will also seek a forfeiture money judgment against the defendant and in the favor of the United States in the amount of $308,311.99.

3

If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the Court;

d. has been substantially diminished in value; or

e. has been commingled with other property that cannot be divided without difficulty;

the defendant shall forfeit to the United States any other property of the defendant, up to the value of the property described above, pursuant to 21 U.S.C. § 853(p).

**(Criminal Forfeiture, pursuant to Title 18, United States Code, Section 981(a)(1)(C), Title 28, United Sates Code, Section 2461(c), and Title 21, United States Code, Section 853(p))**

CHANNING D. PHILLIPS
UNITED STATES ATTORNEY

By: _____
Peter C. Lallas
Assistant United States Attorney
New York Bar No. 4290623
555 4th Street, N.W.
Washington, D.C. 20530
(202) 252-6879
Peter.Lallas@usdoj.gov